IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LEARTHUR NICIA SILAS

v.                                     Criminal No. 1:16cr97-HSO-JCG-3
                                       Civil No. 1:18cv403-HSO

UNITED STATES OF AMERICA

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DISMISSING IN PART WITHOUT PREJUDICE LEARTHUR NICIA SILAS' MOTION [126] TO VACATE, SET ASIDE, OR CORRECT SENTENCE, FILED PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is the Motion [126] of Defendant Learthur Nicia Silas to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Defendant seeks to set aside his December 18, 2017 Judgment of Conviction. Silas' former counsel, John M. Colette and Sherwood A. Colette, have filed Affidavits [134] [137] in response to the Motion [126], and the Government has filed a Response [135]. Having considered the issues presented, the record, and relevant legal authority, the Court is of the opinion that the Motion [126] should be granted in part to allow Silas to file an out-of-time appeal, and dismissed without prejudice in all other respects.

1

I. BACKGROUND

A.  Factual background

On December 7, 2016, a grand jury returned an Indictment [3] against Defendant Learthur Nicia Silas ("Defendant" or "Silas") and three co-defendants. The eight-count Indictment charged Silas with: (1) one count of knowingly and intentionally conspiring to possess with intent to distribute cocaine hydrochloride, commonly known as "crack," in excess of 500 grams, in violation of 21 U.S.C. § 841(a)(1) and §846, and (2) two counts of knowingly and intentionally possessing with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Indictment [3].

Silas retained John M. Colette and Sherwood A. Colette, and on August 18, 2017, he pled guilty to Count Eight of the Indictment [4], which charged him with "knowingly and intentionally possess[ing] with intent to distribute more than 50 grams of a detectable amount of methamphetamine." *Id.*; Plea Agreement [94]. Pursuant to a written Plea Agreement with the Government, Defendant reserved "the right to raise ineffective assistance of counsel claims," but otherwise expressly waived "the right to appeal the conviction and sentence imposed in this case" and "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding." Plea Agreement [94] at 5.

On December 13, 2017, the Court sentenced Defendant to a three-hundred-and-sixty (360) month term of imprisonment with respect to Count Eight of the Indictment, and dismissed Counts One and Seven on the Government's Motion. Minute Entry, December 13, 2017; J. [116]. The Court also imposed a five (5) year term of supervised release and ordered Defendant to pay a $3,000.00 fine and a $100.00 special assessment. J. [116]. The Judgment of Conviction [116] was filed on December 18, 2017. Neither Defendant nor his counsel filed an appeal of the Judgment within the time afforded by the Federal Rules of Appellate Procedure.

B.  Procedural background

Proceeding pro se, Defendant timely filed[1] the instant Motion [126] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Silas asserts that "[b]y counsel lying that any appeal would be thrown in the trash[, counsel] denied [Defendant] the chance" to appeal. Mot. [126] at 6, 8, 10. Defendant also claims that counsel rendered ineffective assistance of counsel because they failed to request an evaluation of, or move for a variance based upon, his known mental health issues. *Id.* at 4. Silas further avers that, despite knowing that a co-defendant committed perjury regarding testimony about the quantity of drugs Silas sold, counsel failed to object. *Id.* at 7. Defendant requests an

---

[1] Although the Motion was not filed in ECF until December 20, 2018, it is dated December 13, 2018, and the envelope in which it was mailed to the Court is marked "Received December 17, 2018." Mot. [126]; Envelope [126-1]. Although the envelope is also stamped "Received December 20, 2018," there is no indication that the earlier marking was in error.

3

evidentiary hearing, asks the Court to permit him to file an out-of-time direct appeal, and seeks the appointment of new counsel. *Id.* at 12.

Silas' former counsel, John M. Colette and Sherwood A. Colette, have submitted Affidavits [134] [137], in which they state that Silas never advised them of mental health issues and that Silas' claim that a co-defendant committed perjury is false. Affs. [134] [137]. Counsel do not address whether they consulted with Silas regarding an appeal but state that they have never told "any client that the Appellate Court would throw anything in the trash" and that Silas never expressly asked them to file an appeal, in part because "he was hoping that the Government would file a Rule 35, F.R. Crim. P. motion based on his attempted cooperation." Affs. [134] [137] (emphasis removed). The Government has also filed a Response [135] in opposition to Defendant's Motion [126] to Vacate, taking the position that Silas waived his right to any post-conviction relief and is thus not entitled to any relief. Resp. [135].

## II. DISCUSSION

A.  Relevant legal standards

According to the United States Supreme Court "[a] defendant claiming ineffective assistance of counsel must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' . . . and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). This test

4

applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. *Id.* at 477.

The United States Court of Appeals for the Fifth Circuit has held that a failure to file an appeal when requested constitutes *per se* ineffective assistance of counsel and warrants an out-of-time appeal. *United States v. Tapp*, 491 F.3d 263, 265-66 (5th Cir. 2007); *see also Roe*, 528 U.S. at 478 ("Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."). This is so even where the defendant has waived his right to a direct appeal. *Tapp*, 491 F.3d at 265-66.

In cases "where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken," the Supreme Court has held that "the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal." *Roe*, 528 U.S. at 478. The Supreme Court has explained that it employs "the term 'consult' to convey a specific meaning-advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.*

If counsel has not consulted with the defendant, a court must then consider "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.* In this context, the Supreme Court has stated that:

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational

5

> defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

*Id.* at 480. In order to establish prejudice under *Strickland*, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

B. Analysis

Through his Motion [126], which he filed under penalty of perjury, Silas has arguably created a question of fact as to whether he demonstrated that he desired to file an appeal and whether counsel sufficiently consulted with him about an appeal. Because Silas' allegations are not fully refuted by the record, the Court will permit him to pursue an out-of-time appeal.

Since district courts cannot "create appellate jurisdiction," the Fifth Circuit has provided direction in this context. *United States v. West*, 240 F.3d 456, 459, 460-61 (5th Cir. 2001). When allowing an out-of-time appeal based on a § 2255 motion asserting ineffective assistance based on counsel's failure to file a notice of appeal, the out-of-time appeal cannot proceed unless the Court grants the § 2255 motion insofar as it seeks an out-of-time appeal and dismisses without prejudice "those parts of the motion for which the out-of-time appeal is granted." *Id.* at 460. The Court must reinstate the judgment of conviction on the criminal docket, and a

defendant will then have fourteen (14) days from the date of entry of the reinstated judgment in which to file a notice of appeal. *Id*. at 462; Fed. R. App. P. 4(b)(1)(A)(i).

Pursuant to this directive, Silas' Motion to Vacate will be granted only to the extent that he will be permitted to file an out-of-time direct appeal concerning the grounds for relief stated in his Section 2255 Motion. *West*, 240 F.3d at 460-61. By a "Text Only Order" to be entered in conjunction with this Order, the Court will reinstate the Judgment [116] of Conviction on the criminal docket as of the date of this Order. *Id*. at 462. The remaining claims asserted in Silas' Motion will be dismissed without prejudice. *Id*. Whether Defendant is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of the Plea Agreement need not be addressed at this point. *Tapp*, 491 F.3d at 265-66. Should Defendant elect to reassert his other claims he may do so by way of a timely Section 2255 motion filed after his direct appeal is concluded.

Silas also asks that new counsel be appointed in order to file a timely notice of appeal. Mot. [126] at 13. This request will be granted.

### III. CONCLUSION

In accordance with the foregoing, the Court will grant Silas' Motion [126] in part to permit an out-of-time direct appeal, and will deny his remaining claims without prejudice. The Court will also terminate John M. Colette and Sherwood A. Colette as counsel of record, and direct the appointment of new counsel.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Learthur Nicia Silas' Motion [126] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255 is **GRANTED IN PART**, to the extent that Learthur Nicia Silas is entitled to file an out-of-time appeal as described above, and **DISMISSED WITHOUT PREJUDICE** in all other respects.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Learthur Nicia Silas' request to appoint new counsel to file a notice of appeal is **GRANTED**. Attorneys John M. Colette and Sherwood A. Colette are terminated as counsel of record, and the Court directs the Federal Public Defender's office to appoint counsel to file a notice of appeal and handle the appeal for Learthur Nicia Silas, in accordance with their standard procedures.

**SO ORDERED AND ADJUDGED**, this the 26th day of June, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE